[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, USA Waste of Connecticut, Inc. (USA), brings this action against the defendant, Beit Bros. Supermarkets, Inc. (Beit), to recover damages on a service contract which it claims Beit breached.
The contract required USA to provide refuse and recycling removal services for Beit at two of its stores. The contract required the services to begin December 1, 1996 and terminate December 1, 1997 at certain agreed upon rates. It also provided in paragraph one on the reverse side of the agreement that "this agreement shall be automatically renewed for like terms thereafter unless either party shall give written notice of termination (Certified Mail) to the other party at least sixty (60) days but not more than one hundred eighty (180) days prior to the termination of the initial term or any renewal term."
USA provided services pursuant to the agreement beginning December 1, 1996 through December 1, 1997. Beit paid for some of the services. Nathan Beit, Vice President of Beit Bros., sent a letter to USA dated October 31, 1997, terminating the contract. It was not sent certified mail nor 60 days prior to December 1, 1997, as required by the contract. USA submits that it is ineffective to cancel the contract and that the contract is CT Page 5137 automatically renewed for another year, until December 1, 1998.
USA claims a breach of the contract. As a result, it claims that because of the breach it is entitled to liquidated damages in accordance with paragraph 9 of the agreement which provides that "if the remaining term under this agreement is six or more months, customer shall pay its most recent monthly charges multiplied by six." Paragraph 3 of the agreement states "contractor may impose, and customer agrees to pay, a late fee and interest for all past due payments not to exceed the maximum rate allowed by law." Paragraph 10 of the agreement provides "in the event of a breach of this agreement by either party, the breaching party shall pay all reasonable attorney's fees, collection fees and costs of the party incident to any action brought to enforce this agreement.
Beit claims that the contract was for one year only and that the terms on the reverse side calling for a three year contract are inapplicable because the parties agreed to a one year contract. Nathan Beit testified that he read the entire contract and signed it, under the words "the undersigned individual signing this agreement on behalf of customer acknowledges that he/she has read and understands the terms and conditions of this agreement, on reverse side, and that he/she has the authority to sign on behalf of the customer." Nathan Beit testified that he "skimmed" over the service agreement and the reverse side prior to executing it. He claims that he never intended more than a one-year contract and argues that the intent of the parties is a question of fact when the contract contains inconsistent and conflicting clauses.
The court finds that the contract is clear and unambiguous. It is the general rule that a contract is to be interpreted according to the intent expressed in its language and not by an intent the court may believe existed in the minds of the parties.Barnard v. Barnard, 214 Conn. 99, 110 (1990). When the intention conveyed by the terms of an agreement is "clear and unambiguous, there is no room for construction." Gino's Pizza of EastHartford, Inc. v. Kaplan, 193 Conn. 135, 138 (1984). The court finds in this case that the contract was clear and unambiguous. Furthermore, it was an arms-length agreement between two experienced businessmen.
Accordingly, the USA is entitled to damages in accordance with the terms of the contract. Beit did not dispute USA's CT Page 5138 calculations of the damages. The court accepts them as claimed. The unpaid bills amounted to $5,030.76 and the interest on this is $536.83. This is money due on the one year contract which was not paid. In addition, USA is claiming liquidated damages under the contract of $14,133.66 and attorney's fees of $2,365.00.
Judgment will, therefore, enter in favor of USA in the amount of $22,066.25.
D. Michael Hurley, Judge Trial Referee